UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY H. JONES, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:15-cv-01361 |
| TITLEMAX OF MISSOURI, INC. | ) |
| | ) |
|        Defendant. | ) |
| | ) |
| | ) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that defendant TitleMax of Missouri, Inc. ("TitleMax"), through its undersigned counsel, hereby removes the above-captioned action from the Circuit Court of St. Louis City, Missouri to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 and respectfully states:

1. On or about July 24, 2015, Timothy H. Jones commenced this putative class action against TitleMax on behalf of himself and other alleged similarly-situated putative class and subclass members by filing a petition in the Circuit Court of St. Louis City, Missouri, Case No. 1522-CC10212.

2. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because TitleMax has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

I.   **TITLEMAX HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

3.   The original petition was served on TitleMax on August 4, 2015. This Notice of Removal is timely filed pursuant to 28 USC §1446(b) as it is filed within thirty (30) days after service.

4.   The Circuit Court of St. Louis City, Missouri, is located within the Eastern District of Missouri, Eastern Division. Therefore, venue is proper in this court pursuant to 28 USC § 105(b)(1), because it is the "district and division embracing the place where such action is pending." See 28 USC § 1441(a).

5.   No previous application has been made for the relief requested herein.

6.   Pursuant to 28 USC § 1446(a), a copy of all process, pleadings, and orders served upon or directed to the defendant, which papers include the original petition, is attached as Exhibit A. Pursuant to 28 USC § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy will be delivered to the clerk of the Circuit Court of St. Louis City, Missouri for filing in the state court action record.

II.  **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 USC §§ 1332 AND 1441**

7.   This case is subject to removal pursuant to the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of Title 28, United States Code) ("CAFA").

8.   CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute … authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The present action is a "class action" for purposes of 28 U.S.C. § 1332(d)(2)(A). As set forth below, this is a putative class action in which: (1) there are 100 or more members in the plaintiff's proposed

2

class; (2) at least some members of the proposed class have a different citizenship from the defendant; and (3) the plaintiff's claims and the claims of the proposed class members exceed the sum or value of $5 million in the aggregate.  Thus, this court has subject matter jurisdiction over this action pursuant to 28 USC § 1332(d).

      A.     **Class Action Consisting of More than 100 Members**

      9.     In the pleadings, plaintiff Jones represents that this is a putative class action. In his petition, Plaintiff alleges, by way of example only:

- "This is a consumer class action against TitleMax seeking relief to redress an unlawful and deceptive pattern of wrongdoing…."  Petition at ¶ 1.
- "Jones sues for himself and a class of persons designated under Rules 52.08(a) and 52.08(b)(3) to remedy the ongoing, unfair, unlawful, or deceptive business practices alleged, and seeks redress for all those persons harmed."  Petition at ¶ 96.
- "The Class comprises all persons who entered into a loan agreement with TitleMax at any location in Missouri, and the loan agreement was secured by a motor vehicle."  Petition at ¶ 97.
- Plaintiff identifies a so-called "Disposition Subclass" comprised of persons whose vehicles were repossessed and sold to satisfy loan obligations, in violation of one or more alleged statutory duties and requirements.  Petition at ¶ 185(a)-(d).

      10.     The aggregate number of class members for plaintiff's proposed class is greater than 100 for purposes of 28 USC § 1332(d)(5)(B).   From July 24, 2009 to date, TitleMax has had multiple thousands of customers take out consumer installment loans secured by vehicle titles through its Missouri-based stores.

### B. Diversity of Citizenship

11. There is sufficient minimal diversity as between plaintiff and defendant within the meaning of 28 USC §1332(d)(2)(A).

12. Plaintiff is alleged to be a Missouri resident. Petition at ¶ 7. According to the loan documents attached to the petition as Exhibit A, Plaintiff has a Missouri home address and a Missouri vehicle title. Plaintiff does not allege any alternative state of residence. Accordingly, upon information and belief, Missouri is the state of plaintiff's citizenship for purposes of diversity jurisdiction.

13. Defendant TitleMax is, and was at the time plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Georgia, and therefore, is not a citizen of the State of Missouri for purposes of determining diversity. 28 USC § 1332(c)(1).

### C. The Amount-In-Controversy Requirement is Satisfied

12. Plaintiff alleges six counts in his petition:

- Count I:  Declaratory Judgment
- Count II:  Private Right of Action under Chapter 367
- Count III: Missouri Merchandising Practices Act
- Count IV: Chapter 408 Violations
- Count V:  UCC Violations
- Count VI:  MMPA

13. For these alleged violations, Plaintiff seeks compensatory, injunctive and other relief on behalf of the class, as follows:

## Prayer for Relief

WHEREFORE, Jones prays this Court certify the Class and Disposition Subclass and enter a judgment for Jones and the classes against TitleMax:

a. Declaring the Title Loan Agreements and liens were entered into contrary to Missouri title loan law and are void under §§ 367.527.1.7 and 367.527.2.

b. A preliminary and permanent injunction enjoining TitleMax from engaging in the practices alleged, including without limitation, enjoining TitleMax from negotiating, soliciting or offering loans secured by a motor vehicle title that do not comply with §§ 367.500 to 367.533.

c. Ordering TitleMax disgorge all money collected on the Title Loan Agreements that exceeded the original Amount Financed or $5,000, whichever is less, including money collected by disposition of the motor vehicles.

d. Declaring TitleMax's arbitration clause is unconscionable, against Missouri public policy, and unenforceable.

e. Awarding actual damages not less than the minimum damages provided by § 400.9-625(c)(2).

f. Statutory damages of $500 for each defective post-sale notice sent.

g. Prejudgment and post-judgment interest.

h. Punitive damages.

i. Attorney's fees.

j. For such other and further relief as this Court deems just and proper.

Petition at pages 31-32

14. The petition seeks a class-wide adjudication that all loan agreements with TitleMax Missouri customers in the class are "void." Petition at ¶¶ 78, 85, 94, 101, 110, 133(m), 135, 150(m), 168, Prayer for Relief (Petition at p. 31). The petition further seeks an order directing TitleMax to "disgorge all money collected on the Title Loan Agreements that exceed the original Amount Financed or $5,000, whichever is less, including money collected by disposition of the motor vehicles." Petition at Prayer for Relief, p. 31. The petition seeks damages measured by "principal, fees and interest on loans issued without consideration for Jones and the Class's ability to repay the title loans." Petition at ¶ 141(a).

15. Plaintiff also seeks attorney's fees by statute against TitleMax. Allowable attorney fees are included in calculating the amount in controversy under the CAFA. *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781-82 (8th Cir. 2009) (explaining statutory attorney's fees may be considered in determining amount in controversy); *City of O'Fallon, Mo. v. CenturyLink, Inc.*, 930 F.Supp.2d 1035, 1040-41 (E.D. Mo. 2013); *see also* Mo. Rev. Stat. § 407.025 (providing for attorneys' fees based on the amount of time reasonably expended under the Missouri Merchandising Practices Act (MMPA)). In class actions courts recognize that it is proper to award attorneys' fees as a percentage of the class's compensatory damages for claims brought under the MMPA. *See Harrington Enterprises, Inc. v. Safety-Kleen Systems, Inc.*, 42 F.Supp.3d 1197, 1201 (W.D. Mo. 2013) (applying a standard 33% attorneys' fee to the class's compensatory damages). Thus, based on compensatory damages of $5,000,000 at a minimum, attorneys' fees in the amount of $1,650,000 could be awarded and should be included in the calculation under the CAFA.

16. Plaintiff also claims punitive damages for itself and on behalf of the would-be class members. Punitive damages are properly included in the determination of whether the

6

$5,000,000 threshold is met under the CAFA. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir.2007) (explaining punitive damages may be considered in determining amount in controversy); *City of O'Fallon, Mo. v. CenturyLink, Inc.*, 930 F. Supp. 2d 1035, 1040-41 (E.D. Mo. 2013); "Under the MMPA, a plaintiff may recover actual damages, attorney's fees, punitive damages, and equitable relief. Mo.Rev.Stat. § 407.025.1. Missouri law limits recovery of punitive damages. *Id.* § 510.265.  A punitive damages award cannot exceed the greater of: (1) $500,000; or (2) five times the combined sum of actual damages and attorney's fees. *Id.* § 510.265.1; *Hervey v. Mo. Dep't of Corr.*, 379 S.W.3d 156, 165 (Mo.2012)."  *Harrington Enterprises, Inc. v. Safety-Kleen Systems, Inc.*, 42 F.Supp.3d 1197, 1199-1200 (W.D.Mo. 2013).

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  No submission of evidence accompanying the removal notice is required. *Owens*, 135 S. Ct. at 554.  Defendant does not concede that it is liable to Plaintiff or the purported class in any amount, or at all.  Nevertheless, without conceding the merit of Plaintiff's allegations, a fair reading of the Petition demonstrates that the "matter in controversy" well exceeds the sum or value of $5,000,000 for purposes of removal.

18. The claims of the individual class members in a class-action are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million.  28 USC § 1332(d)(6).  In this case, the amount in controversy easily exceeds the sum or value of $5 million.  For example, the total interest payments collected in connection with all Missouri-originated transactions since July 24, 2009[1], exceed $5 million.  Together with a claim for punitive damages, which TitleMax denies is warranted, as well as a claim for statutory attorney's

---

[1] July 24, 2009 is a date picked for the less inclusive Disposition Subclass identified by the plaintiffs' petition.  See, *e.g.* Petition at ¶ 98.  The larger "class" identified by plaintiff embraces "all persons who entered into a loan agreement at any location in Missouri…," unbounded by any time limitation.  Petition at ¶ 97.

fees, also denied by TitleMax, the amount in controversy for purposes of CAFA exceeds $5 million.  *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887-88 (8th Cir. 2013) (explaining how even using defendant's sales figures alone, accumulated dollars at issue along with punitive damages and attorney's fees satisfy CAFA amount in controversy standards; noting that removing defendant need not posit or endorse plaintiffs' damage model to establish amount in controversy threshold but need only express an estimate of the total amount in dispute; no "prospective assessment of defendant's liability" is required).

        19.      As CAFA's legislative history also makes clear, the value of any injunctive relief sought by the plaintiff is calculated from the perspective of the plaintiff or the defendant.  *See, e.g.*, S. Rep. 109-14, 42 (2005) ("the Committee intends that a matter be subject to federal jurisdiction under [28 USC § 1332(d)(6)] if the value of the matter and litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief"). Moreover, since CAFA explicitly requires the aggregation of claims and class actions for determining the amount in controversy, 28 USC § 1332(d)(6), the pre-CAFA concern "that assessing the amount in controversy from the defendant's perspective was tantamount to aggregating damages" is no longer relevant.  *Id.*, at 43.  Here, the petition seeks injunctive relief against TitleMax.  Petition at ¶ 193; Prayer for Relief at b, Petition at p. 31; *Toller v. Sagamore Ins. Co.,* 558 F.Supp.2d 924, 930–31 (E.D.Ark.2008) (explaining injunctive relief should be valued to determine amount in controversy).  In that the amount of loan activity in Missouri resulted in fees that exceeded $5 million since July 24, 2009, it follows that by seeking injunctive relief against TitleMax's business practices, the amount in controversy based upon such an equitable claim by the putative class exceeds $5 million from the standpoint of TitleMax.

20. Finally, CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. 109-14, at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."), *id.*, at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."), *id*. at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

**WHEREFORE**, defendant TitleMax respectfully removes this action from the Circuit Court of St. Louis City, Missouri, bearing Case No. 1522-CC10212, to this Court pursuant to 28 USC § 1441, for further proceedings.[2]

**Dated:  September 2, 2015**

        Respectfully submitted,

        BERKOWITZ OLIVER WILLIAMS
        SHAW & EISENBRANDT LLP

        By: /s/ Anthony J. Durone
            Anthony J. Durone   MO Bar # 43872
            Email: adurone@berkowitzoliver.com
            Stacey R. Gilman      MO Bar # 55690
            Email: sgilman@berkowitzoliver.com
            Nicholas L. DiVita    MO Bar # 37514
            Email: ndivita@berkowitzoliver.com
            2600 Grand Boulevard, Suite 1200
            Kansas City, Missouri  64108
            Telephone:   (816) 561-7007
            Facsimile:    (816) 561-1888

        **Attorneys for Defendant TitleMax of Missouri, Inc.**

---

[2] In the event the plaintiff challenges the factual bases for CAFA removal set forth herein or should the Court have questions, TitleMax reserves the right to submit appropriate proof as authorized by *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554-55 (2014).

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 2nd day of September, 2015, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system and a copy was electronically mailed to the following:

      Martin L. Daesch
      Jessee B. Rochman
      Sandberg Phoenix & von Gontrard, P.C.
      600 Washington Avenue
      15th Floor
      St. Louis, MO  63101
      Telephone:     (314) 231-3332
      Fax:             (314) 241-7604 (facsimile)
      mdaesch@sandbergphoenix.com
      jrochman@sandbergphoenix.com

      Attorneys for Plaintiff Timothy H. Jones

      /s/Anthony J. Durone
      Attorney for Defendant