**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY H. JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-01361-JAR |
| | ) | |
| TITLEMAX OF MISSOURI, INC. | ) | |
| | ) | |
| Defendant. | ) | |


**DEFENDANT TITLEMAX OF MISSOURI, INC.'s REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL INDIVIDUAL ARBITRATION**
**AND TO DISMISS OR STAY LITIGATION PROCEEDINGS**

BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP
Anthony J. Durone, MO Bar # 43872
EDMO No. 43872
Email: adurone@berkowitzoliver.com
Stacey R. Gilman, MO Bar # 55690
EDMO No. 55690
Email: sgilman@berkowitzoliver.com
Nicholas L. DiVita, MO Bar # 37514
EDMO No. 37514
Email: ndivita@berkowitzoliver.com
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri  64108
Telephone:        (816) 561-7007
Facsimile:        (816) 561-1888

*Attorneys for Defendant TitleMax of Missouri, Inc.*

# **TABLE OF CONTENTS**

Page

I.     INTRODUCTION ....................................................................................................... 1

II.    STATEMENT OF FACTS ........................................................................................... 2

      A.     The Scope Of The Arbitration Agreement Encompasses This Case ........................... 2

      B.     The Waiver Provision ................................................................................................. 3

      C.     The Delegation Provision ........................................................................................... 3

      D.     The Terms For Arbitration .......................................................................................... 3

III.   ARGUMENT ............................................................................................................... 4

      A.     Jones Has Not Met (And Cannot Meet) His Burden To Prove That This Suit Is
              Beyond The Scope Of His Arbitration Agreement ...................................................... 4

            1.     The Contract Must Be Construed In Favor Of Arbitration. ............................. 5

            2.     Jones Has Failed To Show An Applicable Exception To The Arbitration
                   Provision In This Case ................................................................................... 6

            3.     In Any Event, Jones' Paragraph 6 Argument Has No Bearing On His
                   Waiver Agreements or His Broad Obligation To Arbitrate This Suit ............. 8

      B.     Jones's Unconscionability Claims Attacking the Validity of the Arbitration
              Provision Must Be Rejected ........................................................................................ 8

            1.     The Decision on Jones' Unconscionability Claims is For the Arbitrator
                   under the *Rent-A-Center* Case ...................................................................... 9

            2.     Even If the Court Addresses the Merits of Jones's Unconscionability
                   Claims, They Fail As A Matter of Law ....................................................... 10

                  a.     Jones' Argument That The Arbitration Provision Applies Unevenly
                         Fails ................................................................................................. 11

                  b.     Jones Also Has Not Proved "*Brewer*" Unconscionability ................. 12

IV.   CONCLUSION ........................................................................................................ 15

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### Cases

*3M Co. v. Amtex Sec., Inc.,* 542 F.3d 1193 (8th Cir. 2008) ...................................................... 5

*Am. Express* Co. v. *Italian Colors* Rest.,133 S.Ct. 2304 2013),............................................... 15

*Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793 (10th Cir. 1995) .................................... 5, 6

*Bank of America, NA v. Macgruder Constr. Co., Inc.*, No. 4:14-CV-809-JAR (E.D. Mo. July 31, 2014) (ECF 56) ............................................................................................................. 7, 8

*Brewer v. Missouri Title Loans*, 364 S.W.3d 486 (Mo. 2012) ....................................... passim

*Chochorowski v. Home Depot, USA*, 404 S.W.3d 220 (Mo. 2013)....................................... 14

*Commissioner v. Clark*, 489 U.S. 726 (1989)......................................................................... 6

*Credit Acceptance Corp. v. Niemeier*, 2015 WL 4207122 (E.D. Mo. July 10, 2015)..................... 11, 12

*Davis v. Sprint Nextel Corp.*, 2012 WL 5904327 (W.D. Mo. 2012) ..................................... 13

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985)........................................................ 8

*Dotson v. Dillard's Inc.*, ___ S.W.3d ___, 2015 WL 4623997 (Mo. App. W.D. August 4, 2015)............ 10

*Eaton v. CHM Homes, Inc.,* 461 S.W.3d 426 (Mo 2014) .................................................. 11, 12

*Fallo v. High-Tech Inst.*, 559 F.3d 874 (8th Cir. 2009)........................................................ 5, 10

*Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79 (2000) ............................................... 4

*Greene v. Alliance Automotive, Inc.*, 435 S.W.3d 646 (Mo. App. W.D. 2014) ..................... 12

*Iappini v. Silverleaf Resorts, Inc.*, 2015 WL 4430186 (E.D. Mo. July 20, 2015) ........... 11, 12

*IBEW, Local No. 4 v. KTVI–TV, Inc.*, 985 F.2d 415 (8th Cir. 1993)...................................... 5

*ITT Hartford Life & Annuity Ins. Co v. Amerishare Inv., Inc.*, 133 F.3d 664 (8th Cir. 1998) ............. 5, 8

*MedCam, Inc. v. MCNC*, 414 F.3d 972 (8th Cir. 2005) ........................................................ 5

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985)................................. 5

*Morgan v. Smith Barney, Harris Upham & Co.*, 729 F.2d 1163 (8th Cir. 1984)................................. 5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ........................................... 5

*Motormax Fin. Servs. Corp. v. Knight*, 2015 WL 4911825 (Mo. App. E.D. Mo. 2015) ...................... 12

*Pretasky v. MarineMax, Inc.,* 2002 WL 32345612 (W.D. Wisc. 2002) ................................................... 6

*Remy Amerique v. Touzet Distrib.*, 816 F. Supp. 213 (S.D.N.Y 1993) ................................................... 6

*Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010) ......................................................... 1, 3, 9, 10

*Robinson v. Title Lenders, Inc.*, 364 S.W.3d 505 (Mo. 2012) ............................................................... 13

*State ex rel. Nixon v. Telco Directory Pub.*, 863 S.W.2d 596 (Mo. 1993) ............................................. 6

*Volpe v. Advance America*, 2015 WL 5124202 (E.D. Mo. September 1, 2015) ...................... 10, 13, 14

*Washington State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S.
371, 123 S. Ct. 1017 (2003) ........................................................................................................... 7

*Wildflower Cmty. Ass'n v. Rinderknecht*, 25 S.W.3d 530 (Mo. Ct. App. 2000) ..................................... 5

## Other Authorities

Federal Arbitration Act ............................................................................................................... passim

Missouri Merchandising Practices Act ............................................................................................. 6

## I.       INTRODUCTION

Jones' Opposition concedes several key points. Among them, (1) that he entered into the Consumer Installment Loan Agreement ("Agreement") containing the Arbitration Provision at issue; (2) that unless an exception applies, the scope of the Arbitration Provision covers this action; and (3) that this case should be dismissed (or stayed) if the Motion is granted. Having conceded these largely dispositive matters, Jones offers only two bases to avoid complying with his agreement to arbitrate this case. Jones bears the burden of proof on both arguments, and has failed to carry it on either one.

First, Jones argues this action is excluded from the scope of the Arbitration Provision by a clause retaining the parties' rights to assert certain claims "to obtain traditional equitable relief which does not claim money damages." Opp. II. A.; Agreement ¶ 6. As a threshold issue, this argument only at most relates to Jones' claim for declaratory judgment, not the case as a whole, and has no bearing whatsoever on his class waiver agreements, which apply regardless of the claimed exception. More fundamentally, however, Jones' argument is simply wrong. This is not a case for "traditional equitable relief," let alone one that "does not claim money damages." Rather, every single claim in this case is statutory, and every single count prays for an award of "actual damages" and other money damages. Thus, and as explained further herein, the exception Jones asserts has no application to this case, and arbitration must be compelled.

Second, Jones urges the Court to find that the Agreement he admits he entered into voluntarily, in the absence of any fraud, mistake or duress, is otherwise unconscionable. This argument also is easily dispatched. At the outset, in accord with the U.S. Supreme Court's decision in *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010) and the parties' agreed "delegation provision" (which Jones does not challenge), Jones' unconscionability objections must be decided by the arbitrator, not this Court. Moreover, even if this issue is considered on the merits, Jones' arguments to invalidate the Arbitration Provision all fail. The terms of the Arbitration Provision at issue here are patently fair, are in line with well-established law on this issue, and are not unconscionable. Thus, and, in accord with binding precedent and the fundamental directive of the Federal Arbitration Act ("FAA"), the provision must be enforced.

## II.      STATEMENT OF FACTS

TitleMax has endeavored to avoid undue repetition of its opening statement of facts in this brief, but, given the Opposition's arguments, certain facts warrant highlighting briefly:

### A.      The Scope Of The Arbitration Agreement Encompasses This Case

Following the clear and conspicuous heading, "**WAIVER OF JURY TRIAL AND ARBITRATION PROVISION**," and a concise, practical explanation of what arbitration is, paragraph 1 of the Arbitration Provision explicitly sets forth the broad scope of "disputes" that the parties agreed to resolve under that provision. Among other things, that paragraph expressly provides that all claims by Jones "based upon a violation of any state or federal constitution, statute or regulation" as well as all claims "for money and/or equitable or injunctive relief" are subject to the Arbitration Provision. Agreement ¶ 1(e) and (g).

To avoid the clear impact of those terms, Jones relies upon a claimed exception, drawn from language in Paragraph 6 stating, "nothing in this Arbitration Provision shall limit the right of you or us…(c) to obtain provisional or ancillary remedies such as prejudgment seizure of property, detinue, replevin, or injunctive relief, or to seek or obtain any other traditional equitable relief which does not claim money damages from a court having jurisdiction." *Id.* ¶ 6. In Jones' own words, however, the "Nature of [this] case" is a claim for "actual damages not less than the statutory minimum provided for under the UCC, and such other further [sic] relief as this Court may deem appropriate." Petition ¶6 [ECF 004]. Indeed, the Petition is comprised entirely of statutory counts, every one of which (including even the count nominally-titled "Declaratory Judgment"[1]) prays for an award of "actual damages" and other awards of money. *See generally id.* It plainly does not fall within the language of the exception Jones' claims.

---

[1] *See* Petition ¶ 137 and the "Prayer for Relief" referenced by that paragraph.

**B.      The Waiver Provision**

In the Agreement, Jones "acknowledge[d] and agree[d] that by entering into this Arbitration

Provision" he waived the following rights related to proceedings in court:

> **(a) YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;**
> **(b) YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and**
> **(c) YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES."**

*Id.* ¶ 2. Jones never challenges this waiver provision. Instead, his Opposition points out that the next

paragraph, which says that all disputes shall be resolved "by binding arbitration <u>only</u> on an individual basis

with you" says "Except as provided in <u>paragraph 6</u> below." However, Jones omits that there is <u>no such</u>

<u>exception</u> from the waivers in paragraph 2. Those waivers – by their unequivocal, bolded, and capitalized

terms – apply irrespective of paragraph 6.

**C.      The Delegation Provision**

Jones also agreed in the Arbitration Provision that any disputes "arising from or relating directly or

indirectly to the signing of this Arbitration Provision, the validity and scope of this Arbitration Provision

and any claim or attempt to set aside this Arbitration Provision" and those "relating directly or indirectly"

to the Agreement would be determined by individual arbitration. *Id.* ¶ 1. The Opposition does not

challenge this provision (dubbed a "delegation provision" by the U.S. Supreme Court). *See Rent-A-*

*Center,* 561 U.S. 63, 69.

**D.      The Terms For Arbitration**

Jones had the express, unconditional opportunity to opt out of the Arbitration Provision anytime

within 60 days after he entered the Agreement, without any penalty. *Id.* ¶ 9. He did not do so. Instead, he

chose to retain his Arbitration Provision with TitleMax, which contains terms that are manifestly neutral,

fair, and in several respects tilt in Jones' favor, including that:

3

- Jones is given the unilateral power to choose the arbitration administrator and, by extension, to select its governing rules and procedures (*id.* ¶ 4);

- TitleMax must advance Jones' share of the "expenses associated with arbitration," and must repay him for out-of-pocket expenses if he prevails; whereas Jones need not reimburse TitleMax even for his own portion of the arbitration expenses unless the arbitration award goes against him (*id.* ¶ 5);

- The arbitration generally must be conducted in or near Jones' county of residence or in the county where his loan transaction occurred (*id.*);

- The arbitrator may award Jones statutory damages and attorney's fees if allowed by applicable law (*id.*); and

- Jones and TitleMax are *both* bound to arbitrate claims in accord with the agreed scope of their provision, and *both* are also given the option to instead pursue such claims in small claims court – an option Jones has *twice* elected in the past. *Id.* ¶ 6; *and see also* Exhibits A and B hereto (small claims filings by Jones; judicial notice requested).

## III.    ARGUMENT

Jones, as the party resisting arbitration, "bears the burden of proving that the claims at issue are unsuitable for arbitration."  *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000). He has not carried this burden by any of his arguments.

### A.    Jones Has Not Met (And Cannot Meet) His Burden To Prove That This Suit Is Beyond The Scope Of His Arbitration Agreement

The Arbitration Provision broadly commits all "disputes" to arbitration, including, specifically, all claims by Jones "for money and/or equitable or injunctive relief." Agreement ¶ 1 (g). A limited exception is made only "as provided in Paragraph 6." *Id.* ¶ 3. To argue for an exception under that paragraph, Jones' Opposition relies on language therein that retains the parties' rights "to obtain provisional or ancillary remedies such as prejudgment seizure of property, detinue, replevin, or injunctive relief, or to seek or obtain any other traditional equitable relief which does not claim money damages from a court having jurisdiction." *Id.* ¶ 6. On this basis, he claims that, because he seeks declaratory relief, his suit is exempt from the Arbitration Provision. This argument is unsustainable. Paragraph 6 does not apply to exempt Jones' statutory declaratory judgment count, let alone the entire suit, or Jones' obligation to proceed individually on his claims. Thus, Jones' reliance on paragraph 6 is misplaced.

4

**1.      The Contract Must Be Construed In Favor Of Arbitration.**

As an initial matter, the scope of an arbitration agreement must be "given a liberal interpretation" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or [another] defense to arbitrability." *MedCam, Inc. v. MCNC*, 414 F.3d 972, 975 (8th Cir. 2005); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24-25 (1983). Thus, ordinary rules of contract construction are subordinated to the values advanced by the FAA; and "[a]rbitration should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *ITT Hartford Life & Annuity Ins. Co v. Amerishare Inv., Inc.*, 133 F.3d 664 (8th Cir. 1998)(*quoting IBEW, Local No. 4 v. KTVI–TV, Inc.*, 985 F.2d 415, 416 (8th Cir. 1993).  As such, Courts must "resolve ambiguities as to the scope of an arbitration clause in favor of arbitration." *See id.; see also Morgan v. Smith Barney, Harris Upham & Co*., 729 F.2d 1163, 1165 (8th Cir. 1984) ("when contract language is ambiguous or unclear, a 'healthy regard' for the federal policy favoring arbitration requires that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'") (*quoting Moses H. Cone*, 460 U.S. at 24–25); *and see Armijo v. Prudential Ins. Co. of Am*., 72 F.3d 793, 798 (10th Cir. 1995) (noting that "to acknowledge the ambiguity is to resolve the issue" in favor of arbitrability).[2]

Moreover, it is axiomatic that each provision of a contract must be "construed in harmony with the others to give each provision a reasonable meaning and avoid an interpretation that renders some provisions useless." S*ee Fallo v. High-Tech Inst*., 559 F.3d 874 (8th Cir. 2009) (citing *Wildflower Cmty. Ass'n v. Rinderknecht*, 25 S.W.3d 530, 534 (Mo. Ct. App. 2000)). Thus, under the FAA, "when dealing with a general rule and an exception [in an arbitration agreement], the exception should be interpreted narrowly to prevent it from overwhelming the rule." *Pretasky v. MarineMax, Inc.,* 2002 WL 32345612, at *2 (W.D.

---

[2] As argued in TitleMax's Opening Memorandum,"[a]s long as the underlying factual allegations simply 'touch matters covered by' the arbitration provision," arbitration is properly compelled. *3M Co. v. Amtex Sec., Inc.,* 542 F.3d 1193, 1199 (8th Cir. 2008) (*quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 625 n.13 (1985)).

Wisc. 2002) (citing *Commissioner v. Clark*, 489 U.S. 726, 739 (1989)); *accord Remy Amerique v. Touzet Distrib.*, 816 F. Supp. 213 (S.D.N.Y 1993) (holding that, to avoid significantly narrowing an arbitration provision, the exception to pursue equitable relief in court was properly interpreted to mean such relief could be sought *in aid of* arbitration, not in place of it); *and see also, e.g., Armijo,* 72 F.3d at 810 (rejecting interpretation of exception that would make arbitration language illusory because, "our obligation is to reconcile and give meaning to all provisions of the parties' contracts. Our obligation to construe arbitration clauses broadly compels us to construe this exception to the arbitration clause narrowly.").

Applying these interpretive standards to the Arbitration Provision, Jones' argument fails.

### 2. Jones Has Failed To Show An Applicable Exception To The Arbitration Provision In This Case

Here, the provisions in question are logically and harmoniously read to mean precisely what they say: all claims for "equitable . . . relief" must be individually arbitrated (¶ 1), except that certain claims for "traditional equitable relief which [do] not claim money damages" may be filed in the appropriate court (¶ 6). Thus, Jones' Declaratory Judgment count, which seeks to void TitleMax's Consumer Installment Loan Agreements under the Missouri Merchandising Practices Act ("MMPA") and also seeks money awards including, "actual damages," plainly cannot qualify for exemption. *See* Petition Count I and "Prayer for Relief." Rather, equitable relief sought pursuant to the MMPA is <u>not</u> "traditional equitable relief" according to the *en banc* decision of the Missouri Supreme Court in *State ex rel. Nixon v. Telco Directory Pub.*, 863 S.W.2d 596 (Mo. 1993) (en banc) (holding that even though the relief sought was equitable in nature, "[a]n action under [the MMPA] is a statutory action, not a traditional equitable proceeding.").

That the declaratory relief sought in this case – which would void TitleMax's Consumer Installment Loans in their entirety – is not the sort of "traditional equitable relief" intended by paragraph 6, is further buttressed by the context of the clause of paragraph 6 in question, which speaks to "provisional or ancillary remedies such as prejudgment seizure of property, detinue, replevin, or injunctive relief, or to seek or obtain any other traditional equitable relief which does not claim money damages." Agreement ¶ 6. Under longstanding interpretative canons*, where general words follow specific words in a list, "the general words

are construed to embrace only objects similar to those enumerated by the specific words." *Washington State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 372, 123 S. Ct. 1017, 1019 (2003) (holding that in the sequence, "execution, levy, attachment, garnishment, or other legal process…. '[O]ther legal process' should be understood to be process much like the processes of execution, levy, attachment, and garnishment…."). In this respect, "traditional equitable relief" must be understood in context to mean relief akin to "prejudgment seizure of property, detinue [and] replevin" – *i.e.,* provisional remedies to protect the parties while a dispute proceeds. It is not properly read to encompass the current request for a statutory judgment that TitleMax's business methods are illegal and its contracts are void on a wholesale basis.

Also, aside from the fact that Jones does <u>not</u> seek "traditional equitable relief" of the sort referenced in paragraph 6, Jones <u>does</u> request money damages under his Declaratory Judgment Count and every other Count in his suit. For this reason, too, paragraph 6 cannot apply. To read the contract otherwise, as Jones urges the Court to do, would impermissibly nullify the Arbitration Provision's express agreement to arbitrate all claims for equitable relief, and would violate the interpretive rules required by the FAA set forth above, which mandate that the contract must be read to require arbitration wherever possible.

Certainly, Jones' reliance on this Court's decision in *Bank of America, NA v. Macgruder Constr. Co., Inc.*, No. 4:14-CV-809-JAR (E.D. Mo. July 31, 2014) (ECF 56) is misplaced.  Among other material distinctions, as the Court explained in its ruling in *Macgruder*, the arbitration agreement in that case specifically exempted "appointment of a receiver" – the precise relief sought in the case – <u>and</u> the parties had additionally entered into a Security Agreement that separately specified that the Plaintiff was entitled to the appointment of a receiver. *Id.* at 1.[3] As in *Macgruder*, the asserted exception here speaks to specific claims that may be excluded from arbitration – *i.e.,* "requests for provisional or ancillary remedies such as

---

[3] The Opposition filed in that case further explains that the defendant had "consented to the appointment of a receiver 'and agree[d] not to oppose any such appointment'" in the Security Agreement. *See Macgruder* Opposition [ECF 21] at 1 (bracketed text original).

prejudgment seizure of property, detinue, replevin…" – but, unlike in *Macgruder,* Jones' suit is <u>not</u> brought for any of the types of relief listed. Thus, Jones has not proved any exception, and he must be compelled to submit his claims to individual arbitration, as he agreed to do.

### 3.    In Any Event, Jones' Paragraph 6 Argument Has No Bearing On His Waiver Agreements or His Broad Obligation To Arbitrate This Suit

For all the reasons noted, Jones' argument about paragraph 6 fails. However, even setting aside its lack of merit, the argument has no bearing on Jones' overarching obligation to proceed <u>individually</u> on all of his claims, and to do so through arbitration for all those within the scope of the Arbitration Provision. Indeed, while the Opposition appears to assume that paragraph 6's ostensive exception of Jones' declaratory relief claim would negate these contractual commitments, it offers no basis or authority for that assumption, and there is none. Paragraph 2 of the Arbitration Provision, in which Jones unequivocally waived certain rights <u>in court actions</u>, including to proceed on a class basis, is not subject to the exceptions of paragraph 6 that permit some claims to be brought outside of arbitration. *See* Agreement ¶ 2.

And, Jones' Opposition concedes that all of his claims other than his request for declaratory relief are within the scope of (and not excepted from) the Arbitration Provision. Thus, even if Jones could pursue his request for declaratory relief in court (which he cannot), it would have to proceed on an individual basis (subject to stay pending arbitration); and all of his other claims would properly be compelled to individual arbitration. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed" – even if enforcing the arbitration agreement would result in bifurcated proceedings. *See ITT Hartford Life & Annuity Ins. Co. v. Amerishare Inv'rs, Inc.*, 133 F.3d 664,  668 (8th Cir. 1998)(quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

### B.    Jones' Unconscionability Claims Attacking the Validity of the Arbitration Provision Must Be Rejected

Jones next challenges the validity of the Arbitration Provision by claiming 1) TitleMax made an "illusory promise to arbitrate" thereby "unconscionably divest[ing] itself of the agreement to arbitrate," and

2) the Agreement is otherwise "unconscionable" under the holding of *Brewer v. Missouri Title Loans*, 364 S.W.3d 486 (Mo. 2012).

> **1.    The Decision on Jones' Unconscionability Claims is For the Arbitrator under the *Rent-A-Center* Case**

Jones' Opposition incorrectly assumes that the decision on these arguments is for the Court. It is not. Under the United States Supreme Court's 2010 *Rent-A-Center* decision, there is no doubt that, where, as here, the agreement contains a provision delegating the decision of these "gateway" issues of validity to the arbitrator, and the Plaintiff has made no challenge to the enforceability of that provision, courts must send such issues to the arbitrator for decision. *See Rent-A-Center*, 561 U.S. at 72. In *Rent-A-Center*, the issue before the Supreme Court was whether a "district court may decide a claim that an arbitration agreement is unconscionable, where the agreement explicitly assigns that decision to the arbitrator." *Id.*, 561 U.S. 63, 66. Like Jones, the plaintiff in *Rent-A-Center* advanced a range of similar unconscionability claims;[4] and, also like Jones, did not challenge the specific enforceability of the delegation provision. In *Rent-A-Center*, again like here, the parties' arbitration provision provided that the arbitrator was to have exclusive authority to resolve any dispute relating to the enforceability of the agreement including but not limited to any claim that all or any part of the agreement was void or voidable. *Id.* at 68.  The Court observed that unless the plaintiff challenged the delegation provision <u>specifically</u>, courts must "treat it as valid under Section 2 of the Federal Arbitration Act, and must enforce it… leaving any challenge to the validity of the agreement as a whole for the arbitrator."  *Id.* at 72.

The instant case is squarely within the ambit of *Rent-A-Center*.  Jones' agreed Arbitration Provision clearly and unmistakably specifies that claims regarding the "validity" of the Arbitration Provision and "any claim or attempt to set aside this Arbitration Provision" must be resolved by the arbitrator. Agreement ¶¶ 1(a) and 3. Yet, Jones' Opposition expressly asks the Court to "invalidate" the Arbitration Provision and

---

[4] He argued for example that the arbitration provision was unconscionable and unenforceable *in toto* because it was "non-negotiable;" that it was "one-sided;" that it unfairly placed "limitations on discovery;" and that the "fee-splitting" provisions were unfair.  *Id.*, 561 U.S. at 69-70.

deem it "unenforceable." Opp. at 6, 9, 15.  This is a textbook example of a "gateway" challenge to the validity of the Arbitration Provision, which must be decided by the arbitrator under *Rent-A-Center*.

Indeed, *Rent-A-Center* is scrupulously followed in this Court.  *Volpe v. Advance America*, 2015 WL 5124202 (E.D. Mo. September 1, 2015); *Wilson v. Career Educ. Corp.*, 2011 WL 6012172 (E.D. Mo. 2011); *Dotson v. Dillard's Inc.*, __ S.W.3d __, 2015 WL 4623997 (Mo. App. W.D. August 4, 2015). [5] *Volpe* merits emphasis for its similarity to this case. The delegation provision at issue in that case is virtually identical.[6]  In *Volpe*, the Court cited *Rent-A-Center*, summarized its holding, and concluded that the delegation provision "explicitly" provided that plaintiff's "gateway" claims of arbitrability founded on alleged unconscionability required submission of the contentions to the arbitrator for resolution. *Volpe*, 2015 WL 5124202 at *3.

So it is here. The Court should grant TitleMax's motion to compel arbitration on the strength of *Rent-A-Center* alone, which mandates that even Jones' threshold arguments regarding arbitrability must be tendered to the arbitrator.

## 2.      Even If the Court Addresses the Merits of Jones' Unconscionability Claims, They Fail As A Matter of Law

Jones' Opposition makes two arguments of unconscionability. First, he claims that TitleMax has "unconscionably" divested itself of the Arbitration Provision, such that only Jones is exclusively obligated to arbitrate his claims. Next, he likens himself to the plaintiff in *Brewer v. Missouri Title Loans*, 364 S.W.3d 486 (Mo. 2012) contending that the Arbitration Provision here and the "circumstances" of Jones' entering into that Agreement, reflect "classic unconscionability hallmarks."  Opp. at 5.  Neither argument finds any support in the record of this action or in the applicable case law.

---

[5] Even before *Rent-A-Center*, the Eighth Circuit held that federal courts were to defer to arbitrators the question of arbitrability where there was a clear and unmistakable assignment of that power to the arbitral body.  *Fallo*, 559 F.3d at 878.

[6] It defined "disputes" to include "all claims, disputes or controversies arising from or relating directly or indirectly to the signing of this Arbitration Provision, the validity and scope of this Arbitration Provision, and any claim or attempt to set aside this Arbitration Provision."  *Volpe*, 2015 WL 5124202 at *1.

    **a.**    **Jones' Argument That The Arbitration Provision Applies Unevenly
Fails**

Jones contends the Arbitration Provision is unconscionable because he is exclusively bound to
arbitrate his claims, whereas he complains TitleMax retained the option to pursue repossession or
arbitration.  He also complains that if he contested repossession, he could not raise his judicial defenses or
counterclaims in a court-filed repossession action.  Opp. at 6. Jones' position, however, ignores recent
cases rejecting his arguments, misconstrues the Arbitration Provision and ignores the record in this case.
First, Jones makes a basic legal mistake: he assumes a standard of mirror-image mutuality that simply does
not apply. Indeed, the very case Jones relies on, *Eaton*, rejected that standard, and held that absolute
contract parity is not required.  *Eaton v. CHM Homes, Inc.,* 461 S.W.3d 426, 433 (Mo 2014). In fact,
applying *Eaton*, this Court – just weeks ago – rejected the very arguments made by Jones here, explaining:

> Plaintiffs argue that there is no mutuality because, under the contract, Silverleaf is not
> bound to arbitrate all claims and can file suit to collect debts and proceed with judicial
> foreclosures, while Plaintiffs are prohibited from seeking judicial recourse, including
> bringing compulsory counterclaims. However, the Supreme Court of Missouri rejected this
> argument in *Eaton v. CHM Homes, Inc.*, holding that mirror image obligations are not
> required by the doctrine of mutuality. Rather, the mutuality requirement is met "as long as
> the contract as a whole meets the consideration requirement." [*Eaton,* 461 S.W.3d at 433].
> Here, there is no allegation that the consideration requirement was not met, nor is there any
> evidence in the record that suggests a lack of consideration in the creation of the contracts.
> Furthermore, there is a reasonable basis to permit judicial recourse for actions like
> foreclosures given the unique nature of the remedy and the statutory safeguards provided to
> the debtors. Moreover, exceptions to the arbitration agreement were also carved out for
> Plaintiffs. For example, under the agreement, Plaintiffs are entitled to judicial review of
> claims brought in small claims court as well as claims for personal injury.

*Iappini v. Silverleaf Resorts, Inc.*, 2015 WL 4430186, *7-8 (E.D. Mo. July 20, 2015); *see also Credit
Acceptance Corp. v. Niemeier*, 2015 WL 4207122, *3 (E.D. Mo. July 10, 2015) (likewise rejecting this
argument upon very similar facts). The *Iappini* reasoning applies equally here. Just as there, Jones does not
allege that the Agreement lacked consideration (nor could he truthfully do so); and, as there, the agreed
Arbitration Provision reasonably reserves forms of judicial recourse to TitleMax that are appropriate to the
unique circumstances of the transaction. Agreement ¶ 6.  In addition, the Agreement affords Jones not only
an opportunity for judicial review, as in *Iappini*, but also the opportunity to pursue alternatives to

arbitration, including by filing a small claims action and availing himself of self-help remedies. *Id. ¶¶ 5 and 6.* These circumstances, which are parallel to (if not more favorable for Jones than) those presented in *Iappini*, are materially different than those found problematic in *Motormax*, *Eaton* and *Greene,* the cases relied on by Jones, where the agreements did not provide the consumer <u>any</u> recourse to judicial process, while allowing the defendant to elect between self-help, the judicial process or arbitration, at its discretion.[7] Thus, Jones' cases are "inapposite," and he has failed to prove the contract here is unconscionable. *Credit Acceptance Corp.*, 2015 WL 4207122, *3 (specifically distinguishing Jones' cited case, *Greene*, on similar facts).

Moreover, Jones' argument that he has no remedy other than arbitration and could not contest a repossession action is disproved not only by the terms of the Agreement (*see* ¶¶ 5 and 6), but also by the history between the parties. Indeed, prior to filing this action, Jones <u>twice</u> sued TitleMax in small claims court in Lincoln County, Missouri over disputes arising from the Agreement at issue here – including regarding TitleMax's repossession of Jones' truck.[8]   There is, perhaps, no better evidence that the Agreement did not unilaterally tie Jones' hands to arbitrate while reserving to TitleMax the exclusive power to use the supposedly unreviewable self-help remedy of repossession at its election.

### b.    Jones Also Has Not Proved "*Brewer*" Unconscionability

In reliance on *Brewer, supra*, Jones broadly claims that the Arbitration Provision is invalid because 1) "TitleMax was in a superior bargaining position to that of Jones and the Agreement was non-negotiable;" 2) the Arbitration Provision was "extremely difficult to understand;" 3) the terms were "extremely one sided;" and 4) attorneys may not be available to litigate individualized claims.  Opp. at 10. The short answer to these contentions is found in many cases but in none more succinctly or recently than

---

[7] *Motormax Fin. Servs. Corp. v. Knight,* 2015 WL 4911825 (Mo. App. E.D. Mo. 2015); *Eaton,* 461 S.W.3d 426; and *Greene v. Alliance Automotive, Inc.*, 435 S.W.3d 646 (Mo. App. W.D. 2014).
[8] Jones sued TitleMax first on December 11, 2014 in Case No. 14L6-SC00086 (Circuit Court of Lincoln County, Missouri) and again on June 5, 2015, in Case No. 15L6-SC00036 (Circuit Court of Lincoln County, Missouri).  Both cases arise of the same loan forming the basis of the Agreement at issue in this case.  *See* Exhibits A and B hereto.

in the September 1, 2015 decision from this Court in *Volpe*.  Addressing a substantially similar agreement, the court in *Volpe* considered unconscionability claims virtually identical to those made here, and held that "none of Plaintiff's contentions are meritorious."  2015 WL 5124202 at *3-4. The Court is respectfully referred to that opinion, but each of Jones' points is also briefly addressed here:

First, Jones' argument that he lacked bargaining power and could not negotiate TitleMax's "standardized form" of Agreement is factually and legally unavailing. As a matter of fact, Jones alone – not TitleMax – had the ultimate power concerning the Arbitration Provision, because he had an unfettered right to opt out of that provision in its entirety at any time within two months of contracting with TitleMax (Agreement ¶ 9 ("**OPT OUT PROCESS**")), in addition to a unilateral right to rescind his loan (*id.* 1-2 ("**PREPAYMENT**").[9] This fact alone is dispositive of his argument that he was unfairly forced to accept the terms "on a take-it-or-leave-it-basis." Opp. at 10-11; *see Volpe,* 2015 WL 5124202 at *4 (rejecting this identical argument because "inclusion of the opt-out feature of this Arbitration Provision cedes to Plaintiff a fair measure of control over the arbitration provision.").[10] Likewise, as a matter of law, though Jones relies on *Brewer*, it, in fact, explained that "an unequal balance of power between the parties, alone, does not support a finding of unconscionability."  *Brewer*, 364 S.W.3d at 502; *see also Robinson v. Title Lenders, Inc.*, 364 S.W.3d 505, 515, 517 n. 14 (Mo. 2012) ("[P]ost *Concepcion*, a court should not invalidate an arbitration agreement in a consumer contract simply because it is contained in a contract of adhesion or because the parties had unequal bargaining power, as these are hallmarks of modern consumer contracts generally.")(Mo. 2012). *Accord Davis v. Sprint Nextel Corp.*, 2012 WL 5904327, *2 (W.D. Mo. 2012) (holding though the contract was "a standardized, non-negotiable form and…Sprint wields greater bargaining power than Plaintiff, these facts do not establish unconscionability under Missouri law.").

---

[9] Significantly, the *Brewer* Agreement did not contain an opt-out provision. Jones' assertion that the *Brewer* parties had an equivalent right because they "could opt-out of the entire agreement by not signing it," misses the mark. Opp. at 10 n. 8. Unlike in *Brewer*, Jones could sign the Agreement, receive the loan he wanted from TitleMax, and still opt out of the Arbitration Provision about which he now complains, among other options.

[10] *See also Cayanan v. Citi Holdings, Inc.*, 928 F.Supp.2d 1182 (S.D. Cal. 2013) (reflecting the trend toward enforcing agreements containing an opt-out by holding that such provisions are enforceable – and not unconscionable – under Nevada, California, and South Dakota law).

Second, Jones' assertion that the Agreement is ostensibly "difficult to understand" likewise does not carry his burden to prove that he should not be bound by it. Notably, Jones' affidavit never states that <u>he</u> did not understand the Agreement; he instead criticizes the Agreement's supposed clarity generically – and purely theoretically.  His contention flies in the face of Missouri law; in the absence of fraud, mistake or duress, a party signing a contract is conclusively presumed to know its contents. *Chochorowski v. Home Depot, USA*, 404 S.W.3d 220, 228 (Mo. 2013). And, here, Jones, in fact, warranted that he "read, underst[ood] and agree[d] to all the terms of this Loan Agreement."  Agreement at 3.  Indeed, the assertion that a consumer like Jones might not understand the Agreement appears to be disproved by the fact that Jones himself <u>twice</u> availed himself of the small claims opportunity afforded to him in it. *See* Exs. A and B. Further, just as in *Volpe*, "there were multiple references, in bold-faced font, to a binding arbitration provision and waiver of class representation rights. The provision even contained a paragraph describing the nature, process, and implications of the arbitration provision." *Volpe,* 2015 WL 5124202, at *4. Here, in fact, there was also a toll-free number on <u>every page</u> of the Agreement, which Jones was invited to call with "[a]ny questions or comments." *See* Agreement.

Third, Jones claims the Agreement was "one sided."  This argument fails at the outset, because, as discussed above, "mutuality of obligation is not necessary in arbitration agreements."  *Volpe*, 2015 WL 5124202 at *4. The argument is also factually incorrect, in any event. The terms of the Arbitration Provision apply equally to Jones and TitleMax.  Each side has the duty to arbitrate, each may resort to a small claims court, and, in any arbitration between them, both are governed by the rules of the relevant arbitration organization – which Jones is empowered to choose.  As illustrated by the summary of terms in the fact section above, the Arbitration Provision's terms, which include, *e.g.*, fee-shifting terms favoring Jones, are by no means unconscionably one-sided.

Finally, Jones claims the Arbitration Provision is invalid because he and customers like him may not be able to find attorneys to handle their individual claims. Jones relies on *Brewer* to argue this supposed paucity of counsel is a basis to refuse to enforce an arbitration agreement. But, <u>after</u> *Brewer* was decided,

the United States Supreme Court explained in *Am. Express Co. v. Italian Colors Rest.,* 133 S.Ct. 2304, 2312 n. 5 (2013), that, "the FAA's command to enforce arbitration agreements trumps any interest in ensuring the prosecution of low-value claims." The Supreme Court unequivocally explained that the FAA "favor[s] the absence of litigation" even if that is the result of enforcement of an Arbitration Provision, because "its 'principal purpose' is the enforcement of arbitration agreements according to their terms." *Id.* Thus, whether consumers may not "prosecute claims 'that might otherwise slip through the legal system,'" is not a viable basis for Jones to avoid his agreed Arbitration Provision. *Id.* at 2312. In addition, Jones has also failed to meet his burden of proof on this issue from a factual perspective, because he, himself, <u>twice</u> filed claims against TitleMax before he engaged legal counsel; disproving his own assertion that consumers would not do so. Exs. A and B.

Thus, Jones' unconscionability arguments all fail, and he is bound by his agreement to abide by the Arbitration Provision he executed with TitleMax.

**IV.    CONCLUSION**

Thus, for reasons stated herein and in TitleMax's moving papers, TitleMax's motion to compel arbitration should be granted in full.

**Dated:  September 23, 2015**                    Respectfully submitted,

                                           BERKOWITZ OLIVER WILLIAMS
                                           SHAW & EISENBRANDT LLP

                                           By: /s/ Anthony J. Durone
                                               Anthony J. Durone, MO Bar # 43872
                                               EDMO No. 43872
                                               Email: adurone@berkowitzoliver.com
                                               Stacey R. Gilman, MO Bar # 55690
                                               EDMO No. 55690
                                               Email: sgilman@berkowitzoliver.com
                                               Nicholas L. DiVita, MO Bar # 37514
                                               EDMO No. 37514
                                               Email: ndivita@berkowitzoliver.com
                                               2600 Grand Boulevard, Suite 1200
                                               Kansas City, Missouri  64108
                                               Telephone:   (816) 561-7007
                                               Facsimile:    (816) 561-1888

                                           **Attorneys for Defendant TitleMax of Missouri, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 23rd day of September, 2015, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system and a copy was electronically mailed to the following:

Martin L. Daesch
Jessee B. Rochman
Sandberg Phoenix & von Gontrard, P.C.
600 Washington Avenue
15th Floor
St. Louis, MO  63101
Telephone:       (314) 231-3332
Fax:               (314) 241-7604 (facsimile)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com

Attorneys for Plaintiff Timothy H. Jones


/s/Anthony J. Durone_____
Attorney for Defendant