UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY H. JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-01361-JAR |
| | ) | |
| TITLEMAX OF MISSOURI, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TITLEMAX OF MISSOURI, INC.'s
MOTION FOR LIMITED RELIEF FROM STAY AND FOR ORDER
CONFIRMING ARBITRATION CLAUSE CONSTRUCTION AWARD;
WITH INCORPORATED MEMORANDUM IN SUPPORT**

Defendant TitleMax of Missouri, Inc. ("TitleMax"), pursuant to the Federal Arbitration Act, 9 USC §§ 1-16 and other applicable law, moves for relief from the stay of this case imposed by this Court's August 5, 2016 Order compelling arbitration (ECF # 21) (the "Order Compelling Arbitration") for the limited purpose of permitting TitleMax to seek entry of an Order confirming the Arbitrator's Partial Award (the "Clause Construction Award"), which is attached hereto as Exhibit A.

The Clause Construction Award, *inter alia*, construes the Arbitration Agreement between the parties to preclude class proceedings, grants TitleMax's motion to dismiss the putative class claims asserted by plaintiff Timothy H. Jones ("Jones"), and requires the parties' Arbitration to proceed on a bilateral basis, *i.e.,* between the individual parties only.

By this filing, TitleMax also moves for entry of an Order confirming the Clause Construction Award. The relief requested should be granted at this time for good cause, including to provide certainty regarding the claims and issues to be arbitrated, and in accord with

the Federal Arbitration Act ("FAA"), American Arbitration Association Supplementary Rule for Class Arbitration 3 ("AAA Rule 3"), the terms of the Arbitrator's Clause Construction Award, and other governing law.

In further support of its Motion, TitleMax states as follows:

## I.     PROCEDURAL BACKGROUND

1. On August 5, 2016, this Court entered its Order Compelling Arbitration, which, without limitation, granted TitleMax's motion to compel arbitration (ECF # 8), stayed this case pending arbitration, and directed the parties to submit periodic joint status updates to the Court.

2. As indicated in the parties' status updates pursuant to that Order Compelling Arbitration (ECF ## 22 and 24), the parties agreed to submit the case to Arbitrator Richard P. Sher, and have commenced proceedings before Arbitrator Sher.

3. As is also reflected by those joint updates, following the parties' initial pre-hearing conference, Arbitrator Sher issued a Scheduling Order on September 14, 2016 that set a calendar for motion practice directed to resolving the "threshold issue relating to the availability of class-wide arbitration in light of the provisions of the parties' arbitration agreement." (ECF # 22).

4. In accord with that Scheduling Order, TitleMax filed a motion to dismiss Jones' class claims and allegations ("Motion to Dismiss"), and the parties each submitted briefs to the Arbitrator regarding that motion.

5. After the parties fully briefed the Motion to Dismiss, Arbitrator Sher held a hearing on TitleMax's Motion to Dismiss on April 7, 2017 in St. Louis, Missouri. Counsel for both parties appeared and presented argument at the hearing. Jones also tendered and was permitted to submit an additional "sur-reply" brief at that time.

6. On April 12, 2017, the Arbitrator issued the Clause Construction Award (attached hereto as Exhibit A), granting TitleMax's Motion to Dismiss, and dismissing all class action claims. Exhibit A at 7.

7. The Arbitrator's Clause Construction Award also provides: "Pursuant to Rule 3 of the AAA Supplementary Rules for Class Arbitrations, this action is stayed for 30 days 'to permit any party to move a court of competent jurisdiction to confirm or to vacate' this award. The parties shall notify the arbitrator by May 12, 2017 whether any motion to vacate or confirm the award has been filed. The arbitrator will then determine how it will proceed on Jones' individual claims." *Id*. (quoting AAA Rule 3).

8. The instant Motion is filed within the 30-day stay of the Arbitration effected by the Clause Construction Award for the express purpose of such a motion.

## II. ARGUMENT

### A. TitleMax's Motion Is Timely Filed, And Should Be Heard And Decided Without Delay.

9. The Clause Construction Award is ripe for judicial review. *See Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1767 n.2 (2010); *see also Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 720 (8th Cir. 1999) (defining finality of arbitrator's award in context of *functus officio* doctrine); *W. Cty. Motor Co. v. Talley*, No. 4:10CV01698 AGF, 2011 WL 4478826, at *3-4 (E.D. Mo. Sept. 27, 2011) (citing the preceding authorities, and holding party waived right to review of a Clause Construction Award by failing to timely file a motion for such relief following the award's entry).

10. Indeed, as this Court has recognized, review at this juncture is appropriate to provide certainty for the arbitration proceedings. *W. Cty. Motor Co.,* No. 4:10CV01698 AGF, 2011 WL 4478826, at *3 (citing *Stolt–Nielsen S.A.*, 130 S. Ct. at 1767 n.2).

3

11. AAA Rule 3, as cited and quoted, in part, by the Clause Construction Award, likewise tacitly acknowledges the need for such immediate review. That rule calls for a Clause Construction Award to be rendered by the arbitrator as a "threshold" determination at the outset of the arbitration (as Arbitrator Sher did here), and explicitly requires that the arbitration be stayed following the award's entry for the specific purpose of permitting a party to file an immediate motion for judicial review (again, as Arbitrator Sher did in this case). Specifically, the rule provides in relevant part as follows:

> **Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award"). The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award**. Once all parties inform the arbitrator in writing during the period of the stay that they do not intend to seek judicial review of the Clause Construction Award, or once the requisite time period expires without any party having informed the arbitrator that it has done so, the arbitrator may proceed with the arbitration on the basis stated in the Clause Construction Award. If any party informs the arbitrator within the period provided that it has sought judicial review, the arbitrator may stay further proceedings, or some part of them, until the arbitrator is informed of the ruling of the court.

AAA Rule 3 (emphasis supplied).

4

12. TitleMax's Motion, having been filed within the 30-day stay required by AAA Rule 3 and ordered by the Arbitrator's Clause Construction Award, thus, is both timely-filed, ripe for disposition, and properly resolved by the Court now.

13. Accordingly, in order to permit the resolution of this ripe issue, and to promote certainty and efficiency, the Court's current stay of this case under its Order Compelling Arbitration should be lifted for the limited purpose of permitting and ruling on this Motion.

### B. The Clause Construction Award Should Be Confirmed

14. Moreover, the ultimate relief sought by the Motion – confirmation of the Clause Construction Award – is properly granted by the Court.

15. In fact, "the court **must** grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of" the FAA. 9 U.S.C. § 9 (emphasis supplied).

16. In this case, there has not been any request made to vacate, modify or correct the Clause Construction Award under FAA sections 10 or 11, nor could any such request legitimately be made. Rather, as the Court is likely aware, sections 10 and 11 of the FAA allow for only very narrow grounds upon which an arbitration award may be challenged, such as fraud or corruption of the arbitrator. *See generally* 9 U.S.C. §§ 10 and 11. No such grounds exist here.

17. To the contrary, the parties' joint status reports to the Court reflect that the arbitration has proceeded in an orderly fashion, and that the Arbitrator has not exceeded his authority, acted upon any undue influence by TitleMax in issuing the Clause Construction Award, or otherwise acted in any manner that would justify vacation, modification, or correction of his award by the Court. Rather, it is indisputable – as evidenced by the terms of the Clause Construction Award itself – that the Clause Construction Award is a reasoned decision, properly rendered upon the record of the case and established law, and invulnerable to challenge.

5

18. For example, in rendering the Clause Construction Award, the Arbitrator quoted and construed relevant language of the parties' contractual Arbitration Provision including wherein Jones acknowledged and agreed:

> YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES;

and, wherein Jones further agreed:

> Except as provided in Paragraph 6 below, all disputes including any Representative Claims against us and/or related third parties shall be resolved by binding arbitration only on an individual basis with you. THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.

Exhibit A at 2 (emphasis original from parties' Agreement). The Arbitrator also explicitly considered, carefully analyzed, and properly rejected all of the arguments made by Jones that, "[d]espite the class action waiver contained in the parties' arbitration agreement, . . . this case may nevertheless proceed as a class action." *Id.* And, having done so, Arbitrator Sher ultimately correctly concluded that "[u]nder Supreme Court precedent, I must enforce the terms of the arbitration provision, including the class action waiver." *Id.* at 6.

6

19. It is beyond legitimate dispute that the Arbitrator's ruling is sound and not subject to attack under sections 10 or 11 of the FAA. As such, and in accordance with the mandate by Section 9 of the FAA, this Court "must grant" TitleMax's motion to confirm the Clause Construction Award. 9 U.S.C. § 9.

**WHEREFORE**, TitleMax requests an order (1) lifting the stay for the sole purpose of permitting TitleMax to bring this Motion; and (2) confirming the Clause Construction Award attached as Exhibit A, and for such other and further relief as the court deems just and proper.

**Dated:  April 25, 2017**

          Respectfully submitted,

          BERKOWITZ OLIVER LLP

          By: /s/ Anthony J. Durone
             Anthony J. Durone  MO Bar # 43872
             EDMO No. 43872MO
             Email: adurone@berkowitzoliver.com
             Stacey R. Gilman     MO Bar # 55690
             EDMO No. 55690
             Email: sgilman@berkowitzoliver.com
             Nicholas L. DiVita   MO Bar # 37514
             EDMO No. 37514MO
             Email: ndivita@berkowitzoliver.com
             2600 Grand Boulevard, Suite 1200
             Kansas City, Missouri  64108
             Telephone:   (816) 561-7007
             Facsimile:    (816) 561-1888

          **Attorneys for Defendant TitleMax of Missouri, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 25th day of April, 2017, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system and a copy was electronically mailed to the following:

> Jesse B. Rochman
> Onder, Shelton, O'Leary & Peterson LLC
> 110 E. Lockwood Ave.
> St. Louis, MO  63119
> 314-963-9000
> rochman@onderlaw.com
>
> Martin L. Daesch
> Onder, Shelton, O'Leary & Peterson LLC
> 110 E. Lockwood Ave.
> St. Louis, MO  63119
> 314-963-9000
> daesch@onderlaw.com
>
>
> Attorneys for Plaintiff Timothy H. Jones

/s/Anthony J. Durone
Attorney for Defendant