UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY H. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-cv-01361-JAR |
| | ) |
| TITLEMAX OF MISSOURI, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant TitleMax of Missouri, Inc.'s ("TitleMax") Motion for Order Confirming Arbitration Clause Construction Award (Doc. 26). Pursuant to the Court's August 5, 2016 Order (Doc. 21), the case has been stayed pending arbitration. TitleMax is seeking an order from the Court confirming the arbitrator's partial award, which dismissed Plaintiff's class action claims. On April 26, 2017, the Court granted in part TitleMax's motion and lifted the stay for the sole purpose of considering TitleMax's motion (Doc. 27). For the reasons set forth below, TitleMax's motion shall be denied.

### BACKGROUND

In this action, Plaintiff asserts that TitleMax engaged in an unlawful and deceptive pattern of wrongdoing in connection with "the formation, collection, and enforcement of its title loan agreements and its disposition of the consumer property secured by the title loan agreements. (Doc. 26-1 at 1). Plaintiff sought to bring the case both individually and as a class action. (*Id.*). TitleMax filed a motion to dismiss Plaintiff's class action claims, and the arbitrator heard oral

1

arguments by the parties on April 7, 2017. (*Id.*). On April 12, 2017, the arbitrator ruled in favor of TitleMax and dismissed Plaintiff's class action claims. He identified the following portions of the title loan agreement pertinent to the motion:

> 2. You acknowledge and agree that by entering into this Arbitration Provision:
>
> (a) YOU ARE WAIVING YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;
>
> (b) YOU ARE WAIVING YOUR RIGHT TO HAVE A COURT, OTHER THAN A SMALL CLAIMS TRIBUNAL, RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and
>
> (c) YOU ARE WAIVING YOUR RIGHT TO SERVE AS A REPRESENTATIVE, A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.
>
> 3. Except as provided in Paragraph 6 below, all disputes including any Representative Claims against us and/or related third parties shall be resolved by binding arbitration only on an individual basis with you. THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.

(*Id.* at 3-4). The arbitrator found that the title loan agreement expressly provides, in more than one place, that class arbitration is not permitted. (*Id.* at 4). He found that the intent of the parties is clear that arbitration under the title loan agreement could not proceed on a class basis and that he was bound to give effect to that intent. (*Id*). He also found that a certain provision in the title loan agreement did not authorize a party to bring a class action for equitable relief; that the loan agreement was not rescinded after TitleMax repossessed Plaintiff's motor vehicle; and that

2

because arbitration provisions are severable, they are enforceable, even if the remainder of the agreement is unenforceable. (*Id.* at 4-5). As a result, he granted TitleMax's motion to dismiss Plaintiff's class action claims, commenting that "[n]othing in this partial award should suggest that I believe the result is fair. I am well aware of the practical effect of denying [Plaintiff] the ability to pursue his claims in this case on a class basis. I am, however, constrained by the law in this area as it currently stands." (*Id.* at 6-7). The arbitrator then stayed the arbitration proceedings for 30 days to permit any party to move a court of competent jurisdiction to confirm or vacate the award, in accordance with American Arbitration Association Supplementary Rule for Class Arbitration ("AAA Rule") 3.

TitleMax filed the instant motion requesting that the Court confirm the arbitrator's partial award with regard to the dismissal of Plaintiff's class action claims. Plaintiff opposes the motion and argues that TitleMax's request is not ripe for judicial review because it seeks confirmation of a non-final arbitration award.

## DISCUSSION

An arbitrator's decision is subject to limited judicial review. *Med. Shoppe Int'l, Inc. v. Turner Investments, Inc.*, 614 F.3d 485, 488 (8th Cir. 2010). The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9–11, provides judicial review to confirm, vacate, or modify arbitration awards. *Id.* (citing *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). The courts have recognized a general rule that, for federal jurisdiction to be proper, the award must finally determine all of the claims and defenses submitted for arbitration. *See Local 36, Sheet Metal Workers Int'l Assoc., AFL-CIO v. Pevely Sheet Metal Co.*, 951 F.2d 947, 949-50 (8th Cir. 1992); *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980) (under the

FAA, district courts do not have the power to review an interlocutory ruling by an arbitrator). In other words, "courts generally should not entertain interlocutory appeals from ongoing arbitration proceedings." *Quixtar, Inc. v. Brady*, 328 F. App'x 317, 320 (6th Cir. 2009) (citing *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir.1980) ("[A] district court should not hold itself open as an appellate tribunal during an ongoing arbitration proceeding, since applications for interlocutory relief result only in a waste of time, the interruption of the arbitration proceeding, and ... delaying tactics in a proceeding that is supposed to produce a speedy decision."); *LaPrade v. Kidder Peabody & Co., Inc.*, 146 F.3d 899, 903 (D.C. Cir. 1998) ("The Arbitration Act contemplates that courts should not interfere with arbitrations by making interlocutory rulings....")).

However, various federal courts have recognized exceptions to the finality rule. *See, e.g., Hart Surgical, Inc. v. Ultracision, Inc.*, 244 F.3d 231, 235 (1st Cir. 2001) (where parties agreed to bifurcate the issues of liability and damages, the arbitrator's ruling on liability was a "final" partial award that was subject to district court review); *Pac. Reins. Mgmt. Corp. v. Ohio Reins. Corp.*, 935 F.2d 1019, 1022-23 (9th Cir. 1991) (interlocutory order in the nature of a preliminary injunction was subject to district court review); *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir.1986) (award that finally and definitely disposed of a separate, independent claim could be confirmed even though it did not dispose of all claims that were submitted to arbitration). The Eighth Circuit has held that whether the award indicates that it is final and whether the arbitrator intended it to be final are factors in determining whether an award is final. *Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 720 (8th Cir. 1999).

In addition to being final, the United States Supreme Court held that an interlocutory

4

arbitration award must be ripe for judicial review. In *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, the Court determined that a party may not be compelled to submit to class arbitration under the FAA unless there is an explicit contractual basis for concluding that the party agreed to do so. 559 U.S. 662, 684 (2010). Justice Ginsberg, joined by Justice Stevens and Justice Breyer, dissented from the majority opinion, arguing that the matter was not ripe for judicial review and that allowing the district court to review an arbitration award regarding class proceedings "was abstract and highly interlocutory." *Id.* at 690 (Ginsburg, J., dissenting). The dissenters argued that while a slim set of interlocutory orders may be considered "final decisions" permitting judicial review, orders relating to class action certification are not final under federal law. *Id.*

The Supreme Court rejected the dissenters' argument in a footnote and set forth a two-prong ripeness test: "[i]n evaluating a claim to determine whether it is ripe for judicial review, we consider both 'the fitness of the issues for judicial decision' and 'the hardship of withholding court consideration.'" *Id.* at n. 2 (majority opinion) (citing *National Park Hospitality Assn. v. Department of Interior,* 538 U.S. 803, 808 (2003)). The majority found that the potential of one party being forced into a class arbitration proceeding that was not authorized by the parties' agreement constituted sufficient hardship to allow judicial review. *Id.*

Since *Stolt-Nielsen*, this Court briefly addressed the issue of ripeness in the context of an interlocutory arbitration award in *West County Motor Company v. Talley.* No. 4:10CV01698 AGF, 2011 WL 4478826, at *1 (E.D. Mo. Sept. 27, 2011). There, the losing party was challenging a partial arbitration award authorizing class arbitration. *Id.* Citing *Stolt-Nielson*, the Court held that "[t]he arbitrator's Partial Final Clause Construction Award was ripe for judicial review when it was issued." (internal citations omitted). It reasoned that "[a]n alternative holding in such cases

5

would mean that a respondent, such as West County, might be forced to go through class arbitration without first having the opportunity for judicial review of the arbitrator's decision that class arbitration was permitted by the arbitration agreement in question." *Id.* Although the Court did not go through the two-prong ripeness test, this rationale is consistent with the Supreme Court's ruling that forcing a losing party to proceed with class arbitration was a hardship sufficient to establish ripeness for judicial review. *See Stolt-Nielsen*, 559 U.S. at 689 n. 2.

Here, TitleMax argues that *Stolt-Nielsen* establishes that an interim arbitration award determining whether claims can proceed on a class-wide basis is immediately ripe for review. (Doc. 29 at 2). Plaintiff argues in response that TitleMax failed to satisfy the threshold issues of ripeness and finality and, as a result, the Court does not have jurisdiction to confirm the interlocutory arbitration order. (Doc. 30 at 2).

For a federal court to review an interlocutory arbitration award, that award must be both final and ripe for judicial review. Here, the Court finds that the partial award is not ripe for judicial review because TitleMax did not, and cannot, establish any viable hardship it would suffer if the Court declined review of the arbitrator's partial award. TitleMax argues that if the partial award precluding class arbitration is not confirmed by the Court, it "could find itself facing the threat of a 'do over' by [Plaintiff] on a class basis after he loses…" (Doc. 29 at 6). This argument was expressly rejected by the Sixth Circuit, which reasoned that the hardship posed to a party by a favorable class determination award was not readily apparent. *See Dealer Computer Servs., Inc. v. Dub Herring Ford*, 623 F.3d 348, 350 (6th Cir. 2010) (finding that the potential harm of duplicative litigation where an award denying class certification is not confirmed by a district court does not constitute a hardship sufficient to make the award ripe for judicial review).

6

Furthermore, the two cases addressing judicial interlocutory arbitration awards concerning class certification are distinguishable. Both *Stolt-Nielsen* and *Talley* involved an award allowing class arbitration to proceed, which then triggered the significant hardship of the losing party potentially being forced into a class arbitration proceeding that was not authorized by the parties' agreement. In contrast, TitleMax is the prevailing party with regard to the partial award precluding class certification. As a result, TitleMax cannot establish the essential element of hardship required to make this matter ripe for judicial review.

The Court's holding is consistent with the national policy favoring arbitration. *See Dubb Herring Ford*, 623 F.3d at 350; *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). "The basic purpose of arbitration is the speedy disposition of disputes without the expense and delay of extended court proceedings." *Aerojet–Gen. Corp. v. Am. Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir.1973) (citation omitted). To permit "an appeal of an interlocutory ruling of the arbitrator would frustrate this purpose." *Id.* In the absence of finality and ripeness, the Court does not have jurisdiction to review the arbitrator's partial award precluding class arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant TitleMax of Missouri, Inc.'s Motion to to Confirm Arbitration Award (Doc. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is again **STAYED**.

**IT IS FURTHER ORDERED** that the parties shall jointly submit a notice updating the Court on the status of this case every 120 days, including within 120 days of this Memorandum and Order, and shall also submit a notice updating the Court no later than ten (10) days following the completion of arbitration.

**IT IS FINALLY ORDERED** that all other orders in the Court's Memorandum and Order (Doc. 21) shall remain in full force and effect.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2017.